IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| TIMOTHY C. HAITHCOX,<br><br>Petitioner,<br><br>vs.<br><br>JIM SALMONSEN; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 21-46-H-BMM-JTJ<br><br>ORDER FINDINGS AND RECOMMENDATIONS OF UITED STATES MAGISTRATE JUDGE |

Pending before the Court is state pro se petitioner Timothy C. Haithcox's amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 13). Also pending are Mr. Haithcox's motion for entry of default (Doc. 25) and motion for contempt. (Doc. 27). Each will be addressed in turn.

**I.      28 U.S.C. § 2254 Petition**

As previously explained to Mr. Haithcox, this Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). Because it appeared the claims contained in Haithcox's

1

amended petition were procedurally defaulted, he was advised that unless he could demonstrate a basis to excuse the default, the amended petition would be recommended for dismissal. See, (Doc. 17.) Mr. Haithcox timely responded. (Doc. 19.)

In his response Mr. Haithcox does not argue cause and prejudice to excuse his default. See e.g., *Smith v. Baldwin*, 510 F. 3d 1127 (9th Cir. 2007)(en banc); see also, *Coleman v. Thompson*, 501 U.S. 722 (1991). Nor does Mr. Haithcox assert he is actually innocent of the underlying state convictions of Aggravated Kidnapping, Aggravated Assault, Assault, and Tampering with Witnesses/Informants. See e.g., *Schlup v. Delo*, 513 U.S. 298 (1995); *House v. Bell*, 547 U.S. 518, 536-37 (2006). Instead, Mr. Haithcox persists in his argument that jurisdiction was lacking in his state criminal proceedings based upon an underlying void judgment, which was a result of proceedings that did not comply with Rule 7 of the Federal Rules of Criminal Procedure.[1] See, (Doc. 19 at 1.)

Mr. Haithcox seems to believe that the state of Montana had no personal jurisdiction over him and, accordingly, his underlying judgment of conviction is void. See generally, (Doc. 19.)[2] Mr. Haithcox suggests that the charging statute

---

[1] Rule 7(a)(1) provides that a felony must be prosecuted by an indictment if it is punishable by death or imprisonment for more than one year. Subsection (c) requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1).

[2] See also, (Doc. 13 at 7); (Doc. 13-1 at 3-6)(identifying the State of Montana as a

2

utilized by the State of Montana does not comply with Rule 7 of the Rules of Criminal Procedure and/or the Fifth Amendment's requirement of an Indictment and grand jury proceeding, thus all subsequent proceedings are void and, according to Mr. Haithcox, illegal for lack of jurisdiction. (Doc. 19 at 4.)[3] Mr. Haithcox also seems to suggest that the state's charging mechanism constitutes a bill of attainder in violation of the federal constitution. See, (Doc. 19 at 3-6); see also, (Doc. 13-1 at 6-7.)

      Despite being provided the requisite legal standards, Mr. Haithcox completely failed to address the issue of procedural default. Accordingly, his petition should be dismissed with prejudice as procedurally defaulted without excuse.

      Additionally, the Court has reviewed Mr. Haithcox's filings for any legally cognizable claim and has found none. As he has previously been advised, this Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Moreover, the Federal Rules of Criminal Procedure do not

---

"Corporation," along with the State District Court and the Montana Supreme Court and claiming they have no personal jurisdiction of Mr. Haithcox as a "NON Corprat person.")

[3] See also, (Doc. 13-1 at 5-6); (Doc. 21); (Doc. 23 at 3); (Doc. 26 at 2-3.)

apply to Mr. Haithcox, a state prisoner.

Similarly, while Mr. Haithcox repeatedly insists there has been a due process violation based upon the manner in which his state case was charged, the Fifth Amendment Grand Jury Clause, which guarantees indictment by grand jury in federal prosecutions, was not incorporated by the Fourteenth Amendment to apply to the states. *See, Branzburg v. Hayes, 408 U.S. 665, 687-88 n. 25 (1972)* (noting that "indictment by grand jury is not part of the due process of law guaranteed to state criminal defendants by the Fourteenth Amendment"); *Hurtado v. California, 110 U.S. 516, 535* (holding that the Fourteenth Amendment did not incorporate the Fifth Amendment right to a grand jury); see also, *Rose v. Mitchell*, 443 U.S. 545, 557 n. 7 (1979); *Gerstein v. Pugh*, 420 U.S. 103, 118-119 (1975); *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972); *Beck v. Washington*, 369 U.S. 541, 545 (1962); *Gaines v. Washington*, 227 U.S. 81, 86 (1928). In short, to the extent that Mr. Haithcox believes he was entitled to indictment by a grand jury, he is mistaken. This Court has consistently rejected such a claim as frivolous and wholly lacking in substantive merit.[4] Mr. Haithcox's attempt to re-cast the grand

---

[4] See e.g., *Ayers v. Kirkegard*, CV-14-110-BLG-DLC, 2015 WL 268870, at *2 (D. Mont. Jan. 21, 2015)(granting a motion to file an information "does not make a judge part of the accusatory process any more than issuing a search warrant makes a judge part of the investigative process"); *Smith v. Frink*, CV-14-83-M-DLC, Or. at 3 (D. Mont. May 19, 2014)(prosecution via information is entirely consistent with federal guarantees of due process); *Stewart v. Green*, CV-15-36-BU-DLC, Or. at 3 (D. Mont. Sept. 19, 2016) (pretrial procedure proper under Montana's Constitution and charging statutes; no violation of the Fifth Amendment); *Dunsmore v. State*, CV-15-95-M-DLC, Or. at 2-3 (D. Mont. Dec. 20, 2016)(claim of ineffective assistance of

jury/indictment argument under the guise of an unlawful bill of attainder likewise fails.

Additionally, with respect to Mr. Haithcox's belief that the State of Montana lacked jurisdiction over him under state law, such a claim is also not cognizable on federal habeas review. See e.g., *Gould v. Koenig,* 8:18-CV-01821-JGB-JC, 2021 WL 2786553, at *6 (C.D. Cal. May 3, 2021) (collecting cases), *report and recommendation adopted*, 8:18-CV-01821-JGB-JC, 2021 WL 2413037 (C.D. Cal. June 11, 2021). Once the state court found that it had jurisdiction over Mr. Haithcox, that determination was binding upon this Court. See e.g., *Rhode v. Olk-Long,* 84 F. 3d 284, 287 (8th Cir. 1996)(state court's jurisdictional ruling "conclusively establishes" jurisdiction for federal habeas review), *cert. denied*, 519 U.S. 892 (1996).

Similarly, to the extent that Mr. Haithcox attempts to claim he is a sovereign citizen and not subject to the laws of the State of Montana, such an argument has been routinely rejected by the courts. See e.g., *United States v. Benabe*, 654 F. 3d 753, 767 (7th Cir. 2011)(finding that regardless of an individual's claimed status, including as a "sovereign citizen" that person is not beyond the jurisdiction of the

---

appellate counsel frivolous because charging cases in Montana by information rather than by grand jury has been found to be constitutional; claimed Fifth Amendment violation regarding indictment by grand jury frivolous because the Fifth Amendment not incorporated to the states); *MacGregor v. McTighe*, CV-18-58-H-DLC, Or. at 4-5 (D. Mont. Jan. 15, 2019)(appellate counsel was not ineffective for failing to raise frivolous Fifth Amendment claim).

courts); see also, *United States v. Schneider*, 910 F. 2d 1569, 1570 (7th Cir. 1990)(describing the "sovereign citizen" defense as having "no conceivable validity in American law").

Mr. Haithcox's petition is procedurally defaulted and his legal theories are wholly lacking in merit. The petition should be dismissed with prejudice.

## II.     Outstanding Motions

Mr. Haithcox first asks this Court to enter default based upon the Respondents' failure to defend, dispute, or refute any of his accusations. See, (Doc. 25 at 1.) Mr. Haithcox reiterates his argument that plain interpretation of the Montana Code Annotated demonstrates the void nature of all subsequent court actions and a lack of subject matter or power with which to infer jurisdiction. *Id*.

Mr. Haithcox believes he is entitled to a default judgment based upon Respondents' failure to answer to the claims advanced in his Petition, but Respondents have not yet been served with a copy of his petition or amended petition. Under Rule 4 of the Rules Governing § 2254 cases, the Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." As explained herein, Mr. Haithcox is not entitled to relief and, accordingly, Respondents have not been served or ordered to respond to the petition. Accordingly, the motion for default (Doc. 25) will be

denied.

Mr. Haithcox next asks for a contempt finding against the undersigned and the Montana Attorney General's Office for failing to appear and/or respond to this action. (Doc. 27 at 2.) But this motion fails for the same reason, Mr. Haithcox is not entitled to federal habeas relief. His contempt motion finds no support in law or fact and will also be denied.

### III.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Because Mr. Haithcox has not set forth any cognizable constitutional claims,

he cannot make a corresponding substantial showing that he was deprived of a constitutional right. Further, because the petition is procedurally defaulted without excuse, reasonable jurists would find no basis to encourage further proceedings at this juncture. There are no close questions and there is no reason to encourage additional proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

Mr. Haithcox's motion for entry of default (Doc. 25) and motion for contempt (Doc. 27) are DENIED.

## RECOMMENDATION

1. Mr. Haithcox's Amended Petition (Doc. 13) should be DISMISSED with prejudice as procedurally defaulted.

2. The Clerk of Court should be directed to enter judgment, by separate document, in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Haithcox may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de

novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Haithcox must immediately notify the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 7th day of February, 2022.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge